I agree with the decision of the majority reversing Agnew's conviction because the evidence was insufficient to demonstrate that he had obstructed official business, when the state offered no evidence that Trooper Noel was required to obtain Agnew's social-security number.
Uncodified Section 7(a)(1) of the Privacy Act of 1974, Pub.L. No.93-579, 88 Stat. 1896, 1909, provides the following:
 It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
 This provision applies unless disclosure is required by a federal statute. Section 7(b) further provides that any agency requesting disclosure of a social-security number "shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses it will be made of it."
The state of Ohio specifically recognizes the application of Section 7 of the Privacy Act of 1974 to driver's licenses. See R.C. 4501.31 and4506.11(A)(5); see, also, State ex rel. Beacon Journal Publishing Co. vAkron, 70 Ohio St.3d 605, 1994-Ohio-6, 640 N.E.2d 164.
The majority points out that Trooper Noel testified that he needed Agnew's social-security number to complete the Department of Transportation form. But the state did not offer evidence that a federal statute required a driver's social-security number to complete the Department of Transportation form. Accordingly, the state failed in its burden to establish the elements of obstructing official business beyond a reasonable doubt.